```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
                                         :
CIRREX SYSTEMS LLC,                      :
            Plaintiff and                :
            Counterclaim-Defendant,      :   10 Civ. 3952 (DLC)
                                         :
                -v-                      :   MEMORANDUM OPINION
                                         :        & ORDER
INFRAREDX, INC.,                         :
            Defendant and                :
            Counterclaim-Plaintiff.      :
                                         :
-----------------------------------------X
```

APPEARANCES

For Plaintiff and Counterclaim-Defendant:

Richard C. Pettus
Scott Kolassa
King & Spalding LLP
1185 Avenue of the Americas
New York, NY 10036

For Defendant and Counterclaim-Plaintiff:

Eric Seiler
Hallie B. Levin
Friedman Kaplan Seiler & Adelman LLP
1633 Broadway
New York, NY 10019

Joseph Hynds
Nancy Linck
Jason Shapiro
Rothwell, Figg, Ernst & Manbeck
1425 K Street N.W. Suite 800
Washington, DC 20005


DENISE COTE, District Judge:

 On September 14, 2010, plaintiff Cirrex Systems LLC

("Cirrex") timely filed a motion pursuant to Local Civil Rule

6.3 for reconsideration of the August 31, 2010 Opinion granting defendant InfraReDx, Inc.'s ("InfraReDx") July 6, 2010 motion to transfer this patent infringement action to the District of Massachusetts pursuant to 28 U.S.C. § 1404(a).  See Cirrex Systems LLC v. InfraReDx, Inc., No. 10 Civ. 3952(DLC), 2010 WL 3431165 (S.D.N.Y. Aug. 31, 2010) ("August 31 Opinion").

    The standard for reconsideration is strict.  "Generally, motions for reconsideration are not granted unless the moving party can point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  In re BDC 56 LLC, 330 F.3d 111, 123 (2d Cir. 2003) (citation omitted). "[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). Likewise, a party moving for reconsideration may not "advance new facts, issues, or arguments not previously presented to the Court."  Nat'l Union Fire Ins. Co. of Pittsburgh v. Stroh Cos., Inc., 265 F.3d 97, 115 (2d Cir. 2001) (citation omitted).  The decision to grant or deny the motion for reconsideration is within "the sound discretion of the district court."  Aczel v. Labonia, 584 F.3d 52, 61 (2d Cir. 2009) (citation omitted).

    Cirrex's motion for reconsideration does not meet this standard.  Cirrex fails to identify any facts or legal authority

that the August 31, 2010 Opinion overlooked.  Cirrex argues that the decision to transfer this action to the District of Massachusetts should be reconsidered in light of two developments:  (1) Cirrex' filing of a second patent infringement action in this district concerning the same patents-in-suit on August 25; and (2) Cirrex's filing of a motion to consolidate the second infringement action with the instant action on August 30.  Both of these developments, however, occurred after InfraReDx's motion to transfer was fully briefed on August 13.  Because these facts and the arguments made by Cirrex in connection therewith were not previously presented to the Court, and because Cirrex provides no other grounds to justify reconsideration of the August 31 Opinion, Cirrex's motion must be denied.

## CONCLUSION

Cirrex's September 14, 2010 motion for reconsideration is denied.

SO ORDERED:

Dated:   New York, New York
         September 17, 2010

                                    _____
                                           DENISE COTE
                                    United States District Judge